UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JOEY A. WILLIAMS
and other similarly situated individuals,

    Plaintiff (s),

v.

RESIDENTIAL REALTY SERVICES CORP.,
a/k/a OLEN LIVING

    Defendant.
_____/

# **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues RESIDENTIAL REALTY SERVICES CORP., a/k/a OLEN LIVING, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff JOEY A. WILLIAMS was a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant RESIDENTIAL REALTY SERVICES CORP., a/k/a OLEN LIVING OLEN LIVING, LLC (hereinafter, OLEN LIVING, or Defendant) is a Florida corporation with

its place of business in Coral Spring, Broward County, within the jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Palm Beach County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff JOEY A. WILLIAMS as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after August 2021, (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Corporate Defendant OLEN LIVING manages Quantum Lakes Villas is a luxury residential rental community located at 2700 Quantum Lakes DR., Boyton Beach Fl, where Plaintiff worked.

7. Defendant OLEN LIVING employed Plaintiff JOEY A. WILLIAMS as a non-exempted, full-time, hourly employee, from approximately August 5, 2021, to October 18, 2021, or 10 weeks.

8. Plaintiff's last wage rate was $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

9. Plaintiff had duties as maintenance and janitorial employee, and he worked at the residential buildings of Quantum Lakes Villas.

10. During his employment with Defendant, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

11. While employed by Defendant, Plaintiff had a regular official schedule. Plaintiff worked five days per week, from Monday to Friday. Plaintiff was ordered to clock-in at 8:00 AM and clock out at 5:00 PM (9 hours daily, or 45 weekly).

12. Plaintiff was not able to take bonafide lunchtime, but Defendant deducted lunch hours from Plaintiff's wages, and he was paid for 40 or less hours.

13. Defendant improperly deducted 5 hours of lunch time. These 5 hours constitute 5 hours of unpaid overtime.

14. Furthermore, Plaintiff was required to begin working at 7:30 AM until 5:30 PM (10 hours daily) or 50 hours weekly. Defendant required Plaintiff to work 1 off-the-clock hour every day, or 5 off-the-clock hours weekly. These 5 off-the-clock hours constitute 5 overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate.

15. Plaintiff was not paid for 10 overtime hours (5 lunch hours plus 5 off-the-clock Hours) every week.

16. Plaintiff was paid bi-weekly with checks and paystubs for less than 40 hours. Plaintiff's paystubs did not reflect the real number of hours worked.

17. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

18. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was not in agreement with the number of hours paid to him every week, and he made multiple complaints to his supervisor, Victor Rodriguez. Plaintiff's complaints were ignored.

20. Plaintiff complained for the last time around September 30 and October 15, 2021. Plaintiff complained about Race discrimination and his unpaid overtime hours. Plaintiff was told that he would be transferred.

21. On or about October 18, 2021, Plaintiff contacted Defendant to get information about his transfer, but Plaintiff was informed that he was no longer an employee.

22. Plaintiff intends to recover any regular hour (hours under 40 weekly) a minimum of 10 overtime hours for every week that he was employed by Defendant, retaliatory damages, liquidated damages, and any other relief as allowable by law.

23. On or about October 18, 2021, Plaintiff JOEY A. WILLIAMS was wrongfully discharged from his employment with Defendant in retaliation to his multiple complaints about missing overtime payment and due to Race discrimination. Plaintiff is in the process of filing his charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

24. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about the overtime hours owed to him. After discovery, Plaintiff will amend his statement of claim to recover any regular unpaid hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

25. Plaintiff JOEY A. WILLIAMS re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff JOEY A. WILLIAMS and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

27. The employer OLEN LIVING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a residential rental community. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

28. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

29. Defendant OLEN LIVING employed Plaintiff JOEY A. WILLIAMS as a non-exempt, full-time, hourly employee, from approximately August 5, 2021, to October 18, 2021, or 10 weeks. Plaintiff's last wage rate was $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

30. Plaintiff had duties as maintenance and janitorial employee, and he worked at the residential buildings of Quantum Lakes Villas.

31. During his employment with Defendant, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

32. While employed by Defendant, Plaintiff had a regular official schedule. Plaintiff worked five days per week, from Monday to Friday. Plaintiff was ordered to clock-in at 8:00 AM and clock out at 5:00 PM (9 hours daily, or 45 weekly).

33. Plaintiff was not able to take bonafide lunchtime, but Defendant deducted lunch hours from Plaintiff's wages, and he was paid for 40 or less hours.

34. Defendant improperly deducted 5 hours of lunchtime. These 5 hours constitute 5 hours of unpaid overtime.

35. Furthermore, Plaintiff was required to begin working at 7:30 AM until 5:30 PM (10 hours daily) or 50 hours weekly. Defendant required Plaintiff to work 1 off-the-clock hour every day, or 5 off-the-clock hours weekly. These 5 off-the-clock hours constitute 5 overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate.

36. Plaintiff was not paid for 10 overtime hours (5 lunch hours plus 5 off-the-clock Hours) every week.

37. Plaintiff was paid bi-weekly with checks and paystubs for less than 40 hours. Plaintiff's paystubs did not reflect the real number of hours worked.

38. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

39. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

41. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted accordingly.

    a. <u>Total amount of alleged unpaid wages</u>:

    Two Thousand Two Hundred Fifty Dollars and 00/100 ($2,250.00)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 10 weeks
    Total relevant weeks of employment: 10 weeks
    Total hours worked: 50 hours weekly
    Total unpaid O/T hours: 10 O/T hours (5 off-the-clock + 5 lunch hours)
    Regular rate: $15.00 an hour x 1.5= 22.50
    O/T rate:  $22.50 an hour

    $22.50 O/T rate x 10.00 O/T rate=$225.00 weekly x 10 weeks=$2,250.00

    c.   <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents the unpaid overtime hours.

43. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. Defendant OLEN LIVING willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JOEY A. WILLIAMS and other similarly situated individuals and against the Defendant OLEN LIVING, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JOEY A. WILLIAMS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOEY A. WILLIAMS demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION

47. Plaintiff JOEY A. WILLIAMS re-adopts every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

48. The employer OLEN LIVING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a residential rental community. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions

going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

49. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

50. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

51. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

52. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

53. Defendant OLEN LIVING employed Plaintiff JOEY A. WILLIAMS as a non-exempted, full-time, hourly employee, from approximately August 5, 2021, to October 18, 2021, or 10 weeks. Plaintiff's last wage rate was $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

54. Plaintiff had duties as maintenance and janitorial employee, and he worked at the residential buildings of Quantum Lakes Villas.

55. During his employment with Defendant, Plaintiff worked overtime hours that were not paid to him at any rate, not even at the minimum wage rate, as required by law.

56. While employed by Defendant, Plaintiff had a regular official schedule. Plaintiff worked five days per week, from Monday to Friday. Plaintiff was ordered to clock-in at 8:00 AM and clock out at 5:00 PM (9 hours daily, or 45 weekly).

57. Plaintiff was not able to take bonafide lunchtime, but Defendant deducted lunch hours from Plaintiff's wages, and he was paid for 40 or less hours.

58. Defendant improperly deducted 5 hours of lunch time. These 5 hours constitute 5 hours of unpaid overtime.

59. Furthermore, Plaintiff was required to begin working at 7:30 AM until 5:30 PM (10 hours daily) or 50 hours weekly. Defendant required Plaintiff to work 1 off-the-clock hour every day, or 5 off-the-clock hours weekly. These 5 off-the-clock hours constitute 5 overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate.

60. Defendant did not pay Plaintiff 10 overtime hours (5 lunch hours plus 5 off-the-clock Hours) every week. Plaintiff was not compensated for overtime hours at any rate, not even at the minimum wage rate, as required by law.

61. Plaintiff was paid bi-weekly with checks and paystubs for less than 40 hours. Plaintiff's paystubs did not reflect the real number of hours worked.

62. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant required Plaintiff to work off-the-clock hours, and they knew about the total number of hours worked by Plaintiff.

63. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

64. Plaintiff was not in agreement with the number of hours paid to him every week, and he made multiple complaints to his supervisor, Victor Rodriguez. Plaintiff's complaints were ignored.

65. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

66. Plaintiff complained for the last time around September 30, and October 15, 2021. Plaintiff complained about Race discrimination and his overtime hours. Plaintiff was told that he would be transferred.

67. However, as a direct response to Plaintiff's complaints, on or about October 18, 2021, Plaintiff JOEY A. WILLIAMS was wrongfully discharged from his employment with Defendant in retaliation to his multiple complaints about missing overtime payment.

68. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

69. The termination of Plaintiff JOEY A. WILLIAMS by the Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about overtime payment and regular wages, in violation of Federal Law.

70. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

71. Defendant OLEN LIVING willfully and maliciously retaliated against Plaintiff JOEY A. WILLIAMS by engaging in a retaliatory action that was materially adverse to a reasonable

employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

72. The motivating factor which caused Plaintiff JOEY A. WILLIAMS to be fired from the business, as described above, was his complaints seeking his regular and overtime wages from the Defendant. In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

73. Defendant's adverse actions against Plaintiff JOEY A. WILLIAMS were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

74. Plaintiff JOEY A. WILLIAMS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOEY A. WILLIAMS respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant OLEN LIVING that Plaintiff JOEY A. WILLIAMS recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant OLEN LIVING to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOEY A. WILLIAMS further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff JOEY A. WILLIAMS demands trial by a jury of all issues triable as of right by a jury.

DATED: January 12, 2022,

                                        Respectfully submitted,

                                        By:  /s/ **Zandro E. Palma**
                                        ZANDRO E. PALMA, P.A.
                                        Florida Bar No.: 0024031
                                        9100 S. Dadeland Blvd.
                                        Suite 1500
                                        Miami, FL 33156
                                        Telephone: (305) 446-1500
                                        Facsimile:  (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintiff*